## Eckart et al. *v.* Fort Wayne and Northern Indiana Traction Company.

[No. 22,227.    Filed March 31, 1914.]

1. Eminent Domain.— *Proceedings.*— *Complaint.*— *Averment of Necessity.*—A complaint for the condemnation of land for an interurban terminal, in which the only averment as to the necessity for taking defendant's land was, "which lands plaintiff deems to be and are necessary for its use and purpose aforesaid", sufficiently alleged a necessity.    p. 355.

2. Eminent Domain.—*Proceedings.*—*Finding as to Necessity.*— *Sufficiency.*—In a proceeding for the condemnation of land for an interurban terminal, where the case was tried on the theory that the necessity of the taking was one of the ultimate facts in issue, a finding that such land was necessary for plaintiff's use in the operation of its system of street and interurban railroads was not open to the objection that it was a mere conclusion and not properly a finding of fact.    p. 355.

3. Trial.—*Special Findings.*—*Purpose.*—*Evidentiary Facts.*—Under §577 Burns 1908, §551 R. S. 1881, the office of a special finding is the statement of the ultimate facts in issue, and in determining the sufficiency of such findings evidentiary facts must be disregarded.    p. 355.

4. EMINENT DOMAIN.—*Extent of Power.—Interurban Terminal.— Use by Other Companies.*—An interurban railroad company that has been compelled to permit cars of other companies to be transported over its tracks, pursuant to §5632 Burns 1908, Acts 1899 p. 230, may appropriate land for its terminal notwithstanding it will be in part used by such other companies, since any incidental benefit accruing to such other companies is the result of express legislative sanction under §5632 Burns 1908. p. 356.

5. EMINENT DOMAIN.—*Extent of Power.—Interurban Terminal.— Use by Express Company.*—The right of an interurban railroad company to condemn land for a terminal is not affected by the fact that facilities will be furnished in such terminal for handling goods carried over the road by an express company. p. 357.

6. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— In a proceeding for the condemnation of land for railroad uses, error, if any, in admitting in evidence a copy of the minutes of a directors' meeting declaring a necessity for the condemnation and authorizing same, was harmless, since it was immaterial, and the filing of the complaint itself implied that the company deemed the appropriation necessary. p. 357.

7. EVIDENCE.—*Opinion Evidence.—Fact in Issue.*—In a condemnation proceeding by an interurban railroad company in which the necessity for the condemnation was in dispute, the court erred in permitting a witness for the company to testify that in his opinion the property was needed for the purposes of the company, since that was an opinion on the exact point in issue. p. 357.

8. EMINENT DOMAIN.—*Exercise of Power.—Necessity for Taking.* —Under §5679 Burns 1908, Acts 1903 p. 92, providing that an interurban railroad company may appropriate such land as may be deemed necessary for its railroad, including necessary side tracks, etc., and §5675 Burns 1908, Acts 1903 p. 92, authorizing the acquirement by condemnation, grant, etc., of such lands as may be necessary for the construction and operation of its railroads, etc., it was the legislative intent to grant the power to exercise the power of appropriation of such realty only as may reasonably be necessary for the public use, and the question of the necessity of taking particular property for a particular purpose is a judicial one upon which the owner has a right to be heard. p. 358.

9. EMINENT DOMAIN.—*Delegation of Power.—Strict Construction.* —Legislative grants of the right to exercise the power of eminent domain are strictly construed. p. 358.

10. EMINENT DOMAIN.—*Necessity for Taking.—Reasonable Necessity.*—In a condemnation of land for railroad uses, the railroad company is not, under §§5675, 5679 Burns 1908, Acts 1903 p. 92,

limited to the appropriation of such land only as is indispensable to its needs, but the right is conferred for the condemnation of such land as is reasonably proper, suitable and useful, not only in view of its present needs but also those likely to arise in the future. p. 359.

11. APPEAL.— *Review.— Harmless Error.— Admission of Opinion Evidence.*—In a condemnation proceeding by an interurban railroad company, where the evidence as to the necessity of the condemnation showed that the land was required for the convenient operation of the railroad, and disclosed nothing to warrant an inference that the land would be used for speculative or monopolistic purposes, or for any purpose other than a legitimate one, error in permitting a witness for the company to testify that in his opinion the condemnation was a necessity is affirmatively shown to have been harmless. p. 360.

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Condemnation proceedings by the Fort Wayne and Northern Indiana Traction Company against Anna Eckart and others. From an interlocutory judgment adjudging that plaintiff was entitled to appropriate the land, and appointing appraisers to assess the damages, this appeal is prosecuted. *Affirmed.*

*Leonard, Rose & Zollars,* for appellants.
*Walter Olds,* for appellee.

MORRIS, C. J.—This was an action by appellee, a street railway company, engaged in operating a system of street and interurban railroads, against appellants, to appropriate, for terminal purposes, etc., a tract of appellant Anna Eckart's land, in the city of Fort Wayne. Errors are here assigned by appellant Anna Eckart only, and, for convenience, she will be designated as "appellant" in this opinion. To appellee's complaint filed under the provisions of the eminent domain act of 1905 (Acts 1905 p. 59, §929, *et seq.* Burns 1908), appellant filed seventeen written objections. The trial court sustained a demurrer to objections Nos. 14 and 15. Prior to the trial, the court, deeming objections Nos. 1, 2, 4, 5, 6, 7, 8, 16 and 17, as intending to present only issues of law, and to be insufficient for such

purpose, overruled each of them. There was a trial on objections Nos. 3, 9, 10, 11, 12 and 13, with special findings of fact and conclusions of law. The court overruled said objections and adjudged that appellee was entitled to appropriate the land, and appointed appraisers to assess appellant's damages. From such interlocutory judgment, this appeal is prosecuted. §933 Burns 1908, Acts 1905 p. 59, §5.

Appellant claims the complaint does not sufficiently aver a necessity for the taking. Its only averment in this respect is as follows: "which lands plaintiff deems to be and are necessary for its use and purposes aforesaid." It is contended by appellant that such averment is a mere conclusion of the pleader. If it be conceded that the complaint should aver a necessity for the taking, the averment here must be held sufficient. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

By objections Nos. 11 and 12, appellant denied each averment of the complaint except that she is the owner of the real estate in controversy. Much evidence was given by appellee to prove the necessity of the appropriation of appellant's land, to wit, lot No. 6, in block 12, of Ewing's Addition to Fort Wayne. The court, in finding No. 3, found "that said lot is necessary for the plaintiff's use for stations, depots and offices in the maintenance and operation of its lines and system of street and interurban railroads." Appellant excepted to each conclusion of law, and contends that finding No. 3, must be disregarded because it finds no fact, but states a mere conclusion; that with such finding eliminated, the court's conclusions of law are unsupported. The case was tried on the theory that the necessity of the taking of the lot was one of the ultimate facts in issue. We are of the opinion that appellant's criticism of the finding is unwarranted. Under our statute (§577 Burns 1908, §551 R. S. 1881), the office of a special finding is the statement of the ultimate facts

in issue. *Perkins* v. *Hayward* (1890), 124 Ind. 445, 24 N. E. 1033; *Taylor* v. *Canady* (1900), 155 Ind. 671, 675, 57 N. E. 524, 59 N. E. 20. Evidentiary facts, in such findings, must be disregarded. *Bartholomew* v. *Pierson* (1887), 112 Ind. 430, 14 N. E. 249.

Appellant contends that as the evidence shows that three other interurban railway companies, and an express company have been using the old terminal facilities of appellee and will continue to do so when the new terminal shall be located on the ground of which appellant's land forms a part, that the decision is contrary to the evidence; that appellee has no power to condemn land for another's use, or for the purpose of enlarging terminals to be in part rented to others. In 1899, the legislature adopted an act (Acts 1899 p. 230, §5632 Burns 1908), which required street railroad companies in cities with a population between 35,000 and 49,000, according to the preceding United States census, to permit any interurban railroad the use of its tracks in the city, whenever the board of public works and common council of such city shall grant certain rights of way. In 1902, the Fort Wayne Traction Company was operating a street railroad system in Fort Wayne, then a city of 45,115, as shown by the census of 1900. Pursuant to the provisions of §5632 Burns 1908, *supra*, the common council of Fort Wayne, in August, 1902, adopted an ordinance which required the Fort Wayne Traction Company, and its successors to permit cars of any interurban company to be transported over its tracks, in the city. Appellee has acquired all the property and franchises of the Fort Wayne Traction Company. One public service corporation may not condemn property for the use of another in the absence of express legislative authority. *Mull* v. *Indianapolis, etc., Traction Co.* (1907), 169 Ind. 214, 218, 81 N. E. 657, and cases cited. Here, however, whatever incidental benefits that may accrue to the other interurban railroads result from express legislative sanction under the provisions of

said act of 1899.    It is lawful for an express company
to carry property over an interurban railway, and
it is proper for the latter to furnish terminal facili-
ties for the convenient handling of the goods carried by
the express company.    We hold that said uses by the express
company and the interurban companies do not affect ap-
pellee's right to appropriate the real estate in controversy.

The court admitted in evidence, over appellant's objection
for insufficient authentication, what purported to be a copy
of the minutes of a meeting of appellee's board of di-
rectors, held in New York City, declaring a necessity
to exist for the taking of appellant's land and author-
izing its condemnation.    To this copy was attached the
affidavit of appellee's secretary, sworn to before a notary
public of Philadelphia, Pa., certifying to the correctness of
the minutes.    There was no certificate by any clerk that the
notary was authorized by the laws of his state to administer
oaths.    See §§498, 489 Burns 1908, §§476, 467 R. S. 1881.
Appellant cites *Jackson* v. *State* (1903), 161 Ind. 36, 67
N. E. 690, and other cases, in support of her contention.
Conceding that the admission of the document in evidence
was erroneous, we fully concur in the view of appellee's coun-
sel that the error was a harmless one.    What, if any, resolu-
tion was adopted by appellee's board of directors, was not
material.    The filing of the complaint itself implied that
appellee deemed the appropriation necessary.    *Pittsburgh,
etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399, 402,
69 N. E. 451; 2 Dillon, Mun. Corp. (4th ed.) §601.

Appellee, in its examination of S. W. Greenland, asked the
following question: ''Your connection with the business
is one of the officers and directors of that company.
I will ask you whether or not in your judgment it
was necessary for the acquirement of this territory
and lot up there for the purpose of an interurban station?''
Appellant objected because the question was one for the
sole determination of the court.    The objection was over-

ruled, and the witness was permitted to state that in his opinion "it is needed." This was error. The question called for an opinion on the exact point in issue—a thing not permissible. *Hughes* v. *Beggs* (1888), 114 Ind. 427, 16 N. E. 817; *Hamrick* v. *State, ex rel.* (1893), 134 Ind. 324, 34 N. E. 3, and cases cited. Two other questions, of similar import, were answered over like objections. Do such errors require a reversal of the judgment? Section 700 Burns 1908, §658 R. S. 1881, provides that no judgment shall be reversed where it shall appear that the merits have been fairly tried and determined. Though the case

8.  was tried below on the theory that appellee was not authorized to condemn land unless reasonably necessary for its use, and even then not in an unnecessary quantity, appellee here contends that the determination of the question of reasonable necessity has been left by the legislature to appellee. In support of this claim, its counsel cites §5679 Burns 1908, Acts 1903 p. 92, which provides that the street or interurban railroad may appropriate such land "as may be deemed necessary for its railroad, including necessary side tracks", etc. The above is found in §3 of the amendatory act of 1903 (Acts 1903 p. 92). By clause 3, §1, of the same act (Acts 1903 p. 92, §5675 Burns 1908) the company is authorized to acquire by condemnation, grant, etc., "all such lands  *  *  *  as may be *necessary for the construction  *  *  *  and operation of its railroads"*, etc.

(Italics ours.) Legislative grants of the right to

9.  exercise the power of eminent domain are strictly construed. *Kinney* v. *Citizens Water, etc., Co.* (1909), 173 Ind. 252, 90 N. E. 129, 26 L. R. A. (N.

8.  S.) 195. Considering the statute as a whole, we are of the opinion that it was the intention of the legislature to grant the right to exercise the power of appropriation of such realty only as may reasonably be necessary for the public use, and that the question of the necessity of taking particular property for a particular purpose is a

judicial one, upon which the owner has a right to be heard. *Chicago, etc., R. Co.* v. *Baugh* (1911), 175 Ind. 419, 427, 94 N. E. 571, and authorities cited. Appellee also cites *Richland School Tp.* v. *Overmeyer* (1905), 164 Ind. 382, 73 N. E. 811, where this court held that, under the particular statute which authorizes an appropriation of land for school purposes, "Whenever, in the opinion * * * of the township trustee * * * it shall be considered necessary", the landowner cannot raise the question of the necessity of the appropriation or of the quantity appropriated, because the statute confers on the school authorities the exclusive right to determine such questions. This court, in its opinion, on page 388 "sharply limited" its decision to the question there involved, and we are of the opinion that such decision cannot be deemed as applicable to the statute here under consideration. The question of the necessity

10. of the appropriation under this statute is not limited by a consideration of absolute or indispensable needs of the railroad. Necessary land here must be held such as is reasonably proper, suitable and useful for the purpose sought. *Chicago, etc., R. Co.* v. *Baugh, supra* 425. Some discretion must be allowed the railroad in determining the needs of itself and the public. In limiting the power of appropriation to that which is necessary, it is manifest that it was the legislative purpose to prevent the abuse of the power by making appropriations for speculative, monopolistic, or other purposes, foreign to the legitimate objects contemplated by the corporation's charter. 2 Lewis, Eminent Domain (2d ed.) §393. We are further of the opinion that courts, in determining the question of necessity, may, and in proper cases should, consider not only the present needs of the company but also those likely to arise in the future. The public, no less than the stockholders of the corporation, is vitally interested in the question of adequate terminal facilities for a public carrier.

The evidence here shows that appellee already owns a

tract of ground 150 feet wide, north and south, by 260 feet long, east and west. Appellant's land adjoins this tract, and, if acquired, the entire tract will be 150 feet wide and 310 feet long. It is intended to lay ten tracks on the tract, running north and south. These tracks will be 18 or 20 feet apart from center to center. A large amount of space will be required around the buildings for sidewalks and driveways for vehicles carrying passengers, express matter and baggage. It is intended to locate a permanent depot, general office building, and other structures necessary for handling baggage and express matter, on appellant's land. 180 interurban cars, including 134 designed for passenger traffic, enter the terminal each day. These cars are from 60 to 62 feet long. Each track will accommodate two cars. During the year preceding the trial 1,174,848 interurban passengers were handled. Appellee, with two interurban lines, and three other interurban companies, with lines entering the city, use the terminal. If interurban cars are left standing on the streets, the latter will be blocked against traffic by the city cars and other vehicles. A consideration of all the evidence relating to the necessity of the appropriation, aside from the opinion evidence erroneously admitted, discloses no fact or circumstance warranting an inference of a speculative or monopolistic purpose on the part of appellee. Nor is any fact shown which would warrant the inference that the land sought will be used for any purpose other than a legitimate one, and hence we conclude that the record affirmatively shows the error harmless in admitting the opinion evidence in regard to necessity.

Other questions are presented, some of which are necessarily determined by the rulings already made. As to the remaining ones, it is sufficient to say that no harmful error is disclosed. Judgment affirmed.

Note.—Reported in 104 N. E. 762. As to when the question of public use may be considered, see 88 Am. St. 926. As to the exer-

cise of the power of eminent domain by one corporation for a public purpose to be subserved by another, see 21 L. R. A. (N. S.) 448. As to the judicial power over the right of eminent domain, see 22 L. R. A. (N. S.) 1.