COUNTRY ESTATES, INC., ET AL. AND CORAZZO *v.*
NORTHERN INDIANA PUBLIC SERVICE CO.

[Nos. 569S95, 569S96. Filed May 8, 1970.]

*Glenn J. Tabor, Duane W. Hartman, Blachly & Tabor,* of Valparaiso, for appellants.

*William H. Eichhorn, James L. Kennedy, Schroer, Eichhorn & Morrow,* of Hammond, for appellees.

GIVAN, J.—This case was commenced as two separate condemnation actions brought by plaintiff-appellee against each appellant to appropriate an easement of right-of-way across appellants' property in order that appellee can construct and maintain electrical transmission lines thereon. These actions were consolidated in May of 1969 in this Court on motion of the appellants pursuant to then existing Rule 2-7.[1]

---

1. We are today handing down an opinion in the consolidated cases of Florence Meyer et al. v. Northern Indiana Public Service Company, No. 869 S192 and George H. Dzur et al. v. Northern Indiana Public Service Company, No. 869 S193. [Consolidated in 254 Ind. 112.] These are companion cases concerning the same condemning authority and the same proposed transmission line.

The appellee sought to appropriate an easement 200 feet in width and 1,318 feet in length across Defendant Corazzo's property. It also sought to appropriate an easement on Appellant Country Estate's property which was 200 feet in width and 1,313 feet in length.

In each case the defendants filed objections which, after hearing, were overruled. The trial court entered orders of appropriation and appointed appraisers to assess the damages.

In each case the appellants have set out several assignments of error; however, in view of the decision reached in this case we will consider only Appellant Corazzo's assignment number 4 and Country Estates' assignment number 4, each of which assigned as error the overruling of their objections numbered 7, 8 and 9 wherein each claimed the appellee was seeking to appropriate property for future use.

In each of these cases the appellee has filed a motion to affirm or to dismiss wherein they set out that the transcript does not contain marginal notes on each page as required by the then Rule 2-5, and also that appellants' brief is defective in that it does not comply with Rule 2-17 and that the recitation of the evidence is not sufficient. However, subsequent to the filing of this motion by the appellee, the appellants filed a petition in this Court for leave to amend their brief and to make additional marginal notations in the transcript, which petition was granted to each appellant. The appellants pursuant to their petitions made the necessary marginal notes in their transcript and filed an amended brief in the consolidated cases. The motion to affirm or dismiss, therefore, becomes moot.

The record in each of these cases is much the same in the companion cases set out in the above footnote. In each case the right-of-way engineer for the appellee testified that their present plans and immediate future need called for a 345 KV transmission line and that the appellee would need 150 feet of right-of-way width for the

construction and maintenance of such a line; that the 200 foot right-of-way was condemned because the appellee had future plans for the construction of a 138 KV line to be placed on the same right-of-way. However, he stated that there were no plans drawn for the 138 KV line nor had there been any appropriation of money for the line. The engineer further testified that he had no personal knowledge when the line would be constructed, and he at one point referred to the 138 KV line as a line which the appellee "might wish to place on this right-of-way." It is thus clear from the evidence that the necessity for the appellee's taking of the easement is confined to a 150 foot right-of-way for the construction and maintenance of a 345 KV line. To the extent that they are seeking also to take an additional 50 feet for the contingent possibility of having to at some future time construct an additional 138 KV line, they are exceeding their eminent domain authority. The legislature has granted this authority, but has limited it to the taking of property which is necessary in the operation of the business of the condemnor, and it is the manifest legislative intent "* * * to prevent the abuse of the power by making appropriations for speculative, monopolistic, or other purposes, foreign to the legitimate objects contemplated by the corporation's charter."

The appellee has cited the cases of *Guerrettaz* v. *Public Service Co. of Ind.* (1949), 227 Ind. 556, 561, 87 N. E. 2d 721, 724, *Wampler* v. *Trustees of Indiana University* (1961), 241 Ind. 449, 172 N. E. 2d 67 and *Dahl* v. *Northern Indiana Public Service Co.* (1959), 239 Ind. 405, 157 N. E. 2d 194, as authority for the proposition that the courts cannot substitute their judgment for the judgment of the condemning authority for what is in fact needed for the accomplishment of their immediate purpose. With these authorities we are in total agreement. However, in the case at bar we are not quarreling with the purposes stated by the appellee or the amount of land needed to accomplish these purposes. In fact, we accept their statements in this regard. It is shown by their own state-

ments, No. 1, that their present need is for 150 feet to erect a 345 KV transmission line; No. 2 at some time in the future they may need a 138 KV line for which they will need another 50 feet.

In the *Dahl* case, *supra,* the factual situation appears to be quite similar to the case at bar. However, Judge Bobbitt points out in the *Dahl* case that the appellant there made no charge that the appellee acted outside the scope of its authority or that the actions were fraudulent, capricious or unlawful. In the case at bar these specific objections were not only made at the trial level, but as above pointed out, the evidence submitted by appellee's own engineer clearly demonstrates that the taking of the additional 50 feet was for a remote and speculative use and thus unlawful as being outside the scope of appellee's statutory authority.

The trial court is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 258 N. E. 2d 54.