MEYER, ETC. *v.* NORTHERN INDIANA PUBLIC SERVICE CO.

[Nos. 869S192, 869S193. Filed May 8, 1970.]

*Duane W. Hartman, Glenn J. Tabor, Blachly & Tabor,* of Valparaiso, for appellants.

*William H. Eichhorn, James L. Kennedy, Schroer, Eichhorn & Morrow,* of Hammond, for appellees.

GIVAN, J.—This case was commenced as two separate condemnation actions brought by plaintiff-appellee against each appellant to appropriate an easement of right-of-way across appellants' property in order that appellee can construct and maintain electrical transmission lines thereon. These actions were consolidated in August, 1969, in this Court on motion of the appellants pursuant to then existing Rule 2-7.[1]

The appellee sought to appropriate an easement 200 feet in width and 2,149 feet in length across Defendant Dzur's property. It also sought to appropriate an easement on Appellant Meyer's property which varied in width from 89.02 feet at its narrowest point to 152 feet at its maximum width and was 4,838 feet in length.

In both cases the defendants filed objections, which objections were, after hearing, overruled, orders of appropriation entered and appraisers appointed to assess the damages.

---

1. We are today handing down an opinion in the consolidated cases of Country Estates, Inc., et al. v. Northern Indiana Public Service Company, No. 569S95 and Alexander Corazzo et ux. v. Northern Indiana Public Service Company, No. 569S96. [254 Ind. 108, 258 N.E. 2d 54]. These are companion cases concerning the same condemning authority and the same proposed transmission line.

In each instance the appellants have appealed to this Court from the interlocutory order overruling their objections and appointing the appraisers as a direct appeal under Burns Ind. Stat. Ann. § 3-1705.

In each case the appellants have assigned as error in this Court that the trial Court "erred in overruling appellants' objections 7, 8 and 9 concerning appropriating more property than presently necessary."

An examination of the record discloses the facts in these cases to be as follows: Roth Morris, right-of-way engineer for appellee, testified on direct examination that he had participated in the planning of the line to be constructed and in the selection of the right-of-way. That the present plans and need call for a 345 KV transmission line and that the appellee would need 150 feet of right-of-way width for the construction and maintenance of such a line. That the reason for the acquisition of a 200 foot right-of-way was that the appellee had future plans for the construction of a 138 KV line to be placed on the same right-of-way. He testified, however, that there were no memoranda concerning the planning of the 138 KV line because "we really haven't started planning. This is ahead of any planning that I would get into. Planning of the line has not actually begun except that we have an anticipated load that's the reason that we are doing what we are." When asked if it was possible that the 138 KV would be constructed more than six years from the date of the hearing, he replied that he did not know.

Appellant Loren Dzur testified that a Mr. Etzler had represented to the property owners that it would be ten years or more before the 138 KV line would be constructed and that all the property owners had to worry about was one tower line. This was presumably the 345 KV line to which Mr. Morris had referred in his testimony concerning immediate plans for construction.

Concerning the Meyer property Mr. Morris testified that the entire 200 foot right-of-way was partially on the Meyer prop-

erty and partially on the property immediately north of Meyer, thus explaining the reason for the more narrow width of the land acquired from the Meyers than from Dzurs.

It is the position of the appellants that although the appellee may condemn for future use, the basis of this future use must be on present necessity. See *Nichols on Eminent Domain*, § 4.11[2], page 561. The evidence in this case clearly shows that the present need for construction is the 345 KV line and that the width of right-of-way necessary for the construction of such a line is 150 feet. There is no evidence in this record of any immediate plans or need for the construction of the additional 138 KV line. Eminent domain is limited by the necessity of the take and the condemning authority may condemn only for future use which is fairly and reasonably needed. *Kessler* v. *Indianapolis* (1927), 199 Ind. 420, 157 N. E. 547.

In both of these cases the appellee has sought to condemn a right-of-way 200 feet in width when their immediate need and the need for the near future by their own testimony only requires a 150 foot right-of-way. The speculation by their engineer that sometime in the future, maybe as much as six or ten years in the future, there will possibly be a necessity for an additional line does not justify imposing the additional 50 foot easement upon the properties of the appellants. To do so would be to permit the appellee to maintain an action of condemnation for a purely speculative future need.

Both sides in this case have cited *Eckart* v. *Fort Wayne and Northern Indiana Traction Company* (1914), 181 Ind. 352, 104 N. E. 762. In that case this Court recognized that the power of eminent domain is limited to the taking of property which is necessary in the operation of the business of the condemnor and that it is the manifest legislative intent "* * * to prevent the abuse of the power by making appropriations for speculative, monopolistic, or other purposes, foreign to the legitimate objects contemplated by

the corporation's charter." However, the Court went on to find that the evidence presented in *Eckart* clearly demonstrates that the railroad had immediate and reasonable use for the entire width of ground sought to be appropriated where in the case at bar the contrary is true. The evidence submitted by the appellee clearly demonstrates that the width of 200 feet is not needed for the immediate use. They are nevertheless asking for an additional 50 feet in width speculating that at some time in the future this land will be needed for an additional power line. They are seeking to impose this servitude upon the real estate of the appellants at a time when they have no immediate plans for the use of the land, but solely on speculation that it may be acquired at this time for possible use in the future when the land is actually needed. This is the very abuse spoken of in the *Eckart* case, *supra,* which the law seeks to prevent.

The appellee has cited the cases of *Guerrettaz* v. *Public Service Co. of Ind.* (1949), 227 Ind. 556, 561, 87 N. E. 2d 721, 724, *Wampler* v. *Trustees of Indiana University* (1961), 241 Ind. 449, 172 N. E. 2d 67 and *Dahl* v. *Northern Indiana Public Service Co.* (1959), 239 Ind. 405, 157 N. E. 2d 194, as authority for the proposition that the courts cannot substitute their judgment for the judgment of the condemning authority for what is in fact needed for the accomplishment of their immediate purpose. With these authorities we are in total agreement. However, in the case at bar we are not quarreling with the purposes stated by the appellee or the amount of land needed to accomplish these purposes. In fact, we accept their statements in this regard. It is shown by their own statements, No. 1 that their present need is for 150 feet to erect a 345 KV transmission line; No. 2 at some time in the future they may need a 138 KV line for which they will need another 50 feet.

The question thus in this case is not a question of a degree of necessity to accomplish the purposes of the appellee in providing for its immediate needs and needs in the reasonably

foreseeable future, but this is a question of whether there is any necessity whatever to justify the taking of the additional 50 feet for the prospective 138 KV line. We hold that the facts in this case demonstrate that there is no such necessity and that the taking in this case insofar as it exceed 150 feet is unauthorized and is, therefore, unlawful. *Nichols on Eminent Domain,* § 4.11[3], page 572.

The trial court is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 258 N. E. 2d 57.