MONUMENTAL LIFE INSURANCE COMPANY *v.* PATRICIA L. HAKEY AND PATRICIA LOUISE HAKEY, ADMINISTRATRIX OF THE ESTATE OF DAVID LEE HAKEY, DECEASED.

[No. 3-774A123. Filed September 29, 1976. Rehearing denied December 1, 1976. Transfer denied April 15, 1977.]

*Thos. M. Moorhead, Robert Y. Keegan, David A. Scott, Shoaff, Keegan, Baird & Simon,* of Fort Wayne, for appellant.

*Roy S. Dale, Dale & Cowen,* of Fort Wayne, for appellees.

STATON, P.J.—Monumental Life Insurance Company (Company) appeals from a jury verdict rendered in favor of Pa-

tricia L. Hakey (Hakey), personally and as Administratrix of the Estate of David Lee Hakey, deceased. Hakey recovered $15,000.00 from Company on a $5,000.00 triple-indemnity, accidental death, life insurance policy. Company maintains no contract of life insurance existed. A contract did exist, and we affirm.

## I.

## Facts

Lee Edward Van Horn (Van Horn) was a soliciting agent for Company. He periodically collected premiums from Carl Heineman (Heineman) with whom Hakey and decedent, David Lee Hakey, lived. Heineman introduced Van Horn to decedent, suggesting the Hakeys needed life insurance. On April 14, 1972, Van Horn met with the Hakeys and Mr. and Mrs. Heineman. Decedent provided information, and Van Horn filled out an application for life insurance in the amount of $5,000.00 with a provision for triple indemnity for accidental death. A premium of $8.50 was paid Van Horn, and decedent was issued a conditional receipt. Van Horn told decedent that he might have to take a medical examination. The application was processed at Company's home office, and on April 27, 1972, the Underwriting Department of Company requested a medical examination. On May 1, 1972, a formal request for a medical examination was prepared and mailed. Decedent had been accidentally killed on April 29, 1972. When Company learned of the death, it cancelled the application and refunded the premium to Hakey.

Company premises its argument that a contract for insurance did not exist on two theories: (1) the conditional receipt included an uncompleted condition precedent, and (2) Van Horn was a soliciting agent who had neither actual nor apparent authority to orally bind Company.

## II.

### Condition Subsequent

It is now the law in Indiana that:

". . . Where . . . a receipt is issued by a life insurer and the receipt is supported by consideration, a contract is created. Any conditions contained in the receipt are to be treated as conditions subsequent thereby compelling an insurer to act affirmatively or negatively on the application. Moreover, where an applicant is not acceptable, he must be notified and the premium returned. An insurer cannot terminate the risk so assumed unless the applicant is so notified in his lifetime." *Kaiser* v. *National Farmer Union Life Ins. Co.* (1976), 167 Ind. App. 619, 339 N.E.2d 599, 604, *petition to transfer denied,* August 23, 1976.

Company did not notify decedent of the necessity for a medical examination in decedent's lifetime; Company accepted consideration; and Company issued a receipt. A contract for insurance was created.

## III.

### Apparent Authority

In *Vernon Fire & Casualty Insurance Co.* v. *Thatcher* (1972), 152 Ind. App. 692, 285 N.E.2d 660, the Court held that a soliciting agent, under certain circumstances, may have apparent authority to state what the policy covers. Where, as here, the soliciting agent, Van Horn, was introduced to the Heinemans by a staff manager of Company, and the Heinemans introduced Van Horn to the Hakeys, the chain of authority was established. Van Horn admitted on cross-examination that he did not tell the Hakeys that he was a soliciting rather than a general agent, nor did he indicate what his specific authority was. There was some testimony that Van Horne made statements to the effect that "he [decedent] was covered."

In reviewing sufficiency of the evidence, this Court will not weigh the evidence nor resolve questions of credibility of witnesses. We will look only to that evidence and the reasonable inferences therefrom which support the verdict. *Vesey, Inc.* v. *Hillman China Co.*

(1972), 151 Ind. App. 388, 280 N.E.2d 88; *Wilson* v. *Jerry Miller, Inc.* (1973), 157 Ind. App. 135, 299 N.E.2d 177. If the action of the trial court is sustainable on any theory, it must be affirmed. *Indiana & Michigan Electric Company* v. *Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436.

## IV.

### Other Issues

Company also raises as error the actions of the trial court in giving certain instructions over Company's objections and in failing to give other instructions. Since the instructions Company requested were based on the condition precedent theory, failure to give the instructions was harmless error.

Company objected to the tendering of instructions on the law of agency (general agency and apparent authority of an agent) ; Company alleged there were no facts presented to support that concept. This allegation has no merit because the Company itself relied on the distinction between a soliciting and general agent. Instructing the jury on these issues was not error.

Finally, Company objects to the testimony of certain witnesses, and Company argues that the court erred in overruling its Second Motion in Limine. The questioned testimony related to the decedent's state of health. Given our determination on the issue of conditional receipt (condition subsequent construction), the admission of the testimony was harmless error.

We affirm.

Hoffman, J., concurs; Garrard, J., concurs with opinion.

### CONCURRING OPINION

GARRARD, J.—The principal issue in this appeal is controlled by *Kaiser* v. *National Farmers Union Life Ins. Co.* (1976), 167 Ind. App. 619, 339 N.E.2d 599, *transfer denied.* Moreover, resolution of the question of medical examination as constituting a condition subsequent moots the other errors assigned. I concur in affirming the judgment.

NOTE.—Reported at 354 N.E.2d 333.