357 N.E.2d 287 (1976)
Florence RHODA et al., Appellant-Plaintiff,
v.
NORTHERN INDIANA PUBLIC SERVICE COMPANY, Appellee-Defendant.
No. 3-1274A200.
Court of Appeals of Indiana, Third District.
December 7, 1976.
Robert A. Welsh, Harris & Welsh, Chesterton, for appellant.
David C. Jensen, Schroer, Eichhorn & Morrow, Hammond, Herbert K. Douglas, Douglas, Douglas & Douglas, Valparaiso, for appellee.
STATON, Presiding Judge.
Florence Rhoda (Rhoda) appeals from a Summary Judgment rendered by the trial court in favor of Northern Indiana Public Service Company (NIPSCO). Rhoda maintains that the granting of NIPSCO's Motion for Summary Judgment was error because there was fraud inherent in the original condemnation proceeding, and under Indiana Trial Rule 60(B) Rhoda should have been relieved from that judgment. After reviewing Rhoda's appeal, we conclude that there was no error, and we affirm.

I.

Evidence
On December 4, 1970, a formal appropriation hearing was held; at that hearing an order for a 150 foot wide easement appropriation was granted by the court. The 150 foot wide strip belonged to Rhoda. On September 18, 1972, Rhoda's attorneys entered an appearance, and on December 5, 1973, Rhoda filed suit against NIPSCO alleging fraud in NIPSCO's procurement of *288 the 150 foot wide electrical easement. NIPSCO, on January 14, 1974, filed a Motion to Dismiss; this motion was amended by the trial court to a Motion for Summary Judgment and was granted on June 5, 1974. The court found that Rhoda's suit was a collateral attack on the condemnation judgment, that there was no fraud perpetrated by NIPSCO, and that TR. 60(B) and the doctrine of res judicata were bars to Rhoda's complaint.
NIPSCO asserted at the original appropriation hearing that standard procedure mandated an appropriation equal to the width of the crossarm (52 feet for a 345 kv line) plus 49 feet on either side to allow for sway of lines and a safety factor. Rhoda posits that since NIPSCO appropriated the 150 foot right of way but actually constructed the crossarm 4 feet south of the center line, this amounts to a tacit admission on the part of NIPSCO that only a 45 foot sway allowance is needed. Rhoda computes, as the necessary appropriation, 142 feet (52 + 45 + 45). Since NIPSCO, under this logic, over-appropriated, Rhoda contends that such appropriation is "capricious." Rhoda further argues that NIPSCO's motive in locating the crossarm off center is directly related to an additional power line which is to be built in the future. Rhoda introduced evidence which she used to support her contention that NIPSCO knew of, but denied knowledge of, the additional power line at the time of her appropriation hearing; this "fraud in the procurement" is the basis of her suit to set aside the appropriation; she appeals from a summary judgment which denied her claim as set forth above.

II.

Summary Judgment
In Doe v. Barnett (1969), 145 Ind. App. 542, 552-554, 251 N.E.2d 688, 695-96, several observations about summary judgments were made:
"2. The purpose of summary judgment is to provide a procedural device for the prompt disposition of cases in which there is no genuine issue as to material fact to be determined by the court or jury."
* * * * * *
"... In ruling on motions for summary judgment, the court may not decide questions of fact, but is limited to the sole determination of whether or not a factual controversy exists. In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists."
Rhoda maintains that unresolved issues of fact were before the court and that therefore summary judgment was improper. We disagree. The factual components of the cause may be summarized as follows:
(1) NIPSCO's standard appropriation for a 345 kv line is 150 feet.
(2) NIPSCO's standard policy is to center the crossarm on the easement leaving equidistant sway allowance on each side.
(3) NIPSCO asked for condemnation for the standard amount of right of way for which it could show a present need.[1]
(4) The trial court granted NIPSCO the standard easement.[2]
(5) NIPSCO did not center the crossarm.
Since there is no dispute as to these facts, the trial court properly entertained a Motion for Summary Judgment. Rhoda would add one additional fact: (6) NIPSCO anticipated the possibility that another electric line would be built close to the one on Rhoda's easement. However, this fact is *289 not material to the granting of the Motion for Summary Judgment; even if this fact were conceded by both parties, this would not amount to "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" which would allow Rhoda relief under Indiana Trial Rule 60(B). Rhoda must have been able to show fraud in order that her suit would not be barred under Trial Rule 60(B) or res judicata.

III.

Fraud
In order to recover in a fraud suit Rhoda must allege and prove material misrepresentation, scienter, reliance, and injury. Coffey v. Wininger (1973), Ind. App., 296 N.E.2d 154. From the facts set out above, and after viewing the entire record, we find that Rhoda has shown no material misrepresentation or scienter. She reasoned that since NIPSCO's standard practice was one thing and its actions as to her appropriated land was another, fraud was inherent. However, there was no promise given to either Rhoda or the trial court that the crossarm would be centrally located.[3]
Furthermore, Rhoda does not show reliance; nor can she. "... [O]ne is not entitled to rely upon representations of subjective future intention or probability... ." Fairwood Bluffs Conservancy District v. Imel (1970), 146 Ind. App. 352, 363, 255 N.E.2d 674, 681.
Finally, we cannot see what injury Rhoda has sustained. To constitute actionable fraud, it must appear that the complaining party has been damaged. Windle v. City of Valparaiso (1916), 62 Ind. App. 342, 113 N.E. 429; and that the damage is a proximate result of the fraud, Kosmos Portland Cement Co. v. D.A.Y. Construction Co. (1939 7th Cir.), 101 F.2d 893. Fraud without injury does not give rise to a cause of action. Miller Jewelry Co. v. Dickson (1942), 111 Ind. App. 676, 42 N.E.2d 398. Provision was made to compensate Rhoda for the land which was appropriated. Moreover, the landowner may make any use of the property burdened with the easement not inconsistent with the servitude, and since, by Rhoda's own admission, 8 feet of the servitude is not being used for utility purposes, it is difficult to discern exactly what Rhoda's injury is. No fraud has been shown.

IV.

Conclusion
Since Rhoda has not demonstrated an independent cause of action sufficient to release her from the time restraints of Indiana Trial Rule 60(B),[4] and since Rhoda's complaint and this appeal essentially ask us to set aside the condemnation (an issue which has been fully litigated), we find that the trial court's granting of the Motion for Summary Judgment was proper.[5] There was no error, and we affirm.
ROBERTSON, C.J. (by designation), concurs.
GARRARD, J., concurs with opinion.
*290 GARRARD, Judge (concurring).
This appeal results from an attempted collateral attack on an order allowing condemnation in an eminent domain proceeding. See, Indiana Rules of Procedure, Trial Rule 60(B):
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."
I agree the summary judgment was properly granted. To the extent appellants' collateral attack attempts to challenge the basic reasonableness of a 150 foot wide easement, they are bound by the order of appropriation in the original proceedings. To the extent they attempt to assert a separate fraud on the part of appellee which might vitiate the prior order, the only facts presented are that appellee erected its towers four feet south of the center line of the right-of-way. It is alleged that this demonstrates a future intent to add another line to those that will cross the easement.
This is insufficient to establish an issue of fraud. If the original appropriation limits appellee's easement to a certain number of wires, then further proceedings would be necessary to entitle appellee to enlarge the number. If no such limitation exists, it is to be presumed in fixing damages in the original condemnation proceeding that appellee will make the most burdensome use of the easement permitted by law. It is in this sense that the dictum in the majority opinion to the effect that Rhoda demonstrates no injury applies. The damage award in such an instance would cover the later additional use. Of course, if the appropriation was voidable for fraud the mere fact that the appellee was willing to pay for the value of the easement would not defeat the action.
I therefore concur in affirming the judgment.
NOTES
[1] The company is allowed to condemn only that property for which it can show a present need. Country Estates, Inc. v. Northern Ind. Pub. Serv. Co. (1970), 254 Ind. 108, 258 N.E.2d 54.
[2] "[T]he courts cannot substitute their judgment for the judgment of the condemning authority for what is in fact needed for the accomplishment of their immediate purpose." Country Estates, Inc. v. Northern Ind. Pub. Serv. Co. (1970), 254 Ind. 108, 111, 258 N.E.2d 54, 56.
[3] In her brief, Rhoda asserts that "it would be entirely possible for the defendant [NIPSCO] to sue to condemn private land for an alleged public purpose and once having secured the appropriation order of the court turn around and use the property for a purpose for which the court would never have granted the appropriation." This argument is spurious because NIPSCO here used the land for the purpose presented to the trial court. Given the standard assessment, the positioning of the crossarm was not crucial.
[4] TR. 60(B): "The motion shall be made within a reasonable time, and for reasons ... (4) [fraud] not more than one [1] year after the judgment, order or proceeding was entered or taken... . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."
[5] "A motion requesting relief from a final judgment, TR. 60(B)(3), addresses itself to the sound discretion of the trial court. The motion must show that the affiant knew or should have known from the information available to him that the representation made in the affidavit was false. Furthermore, the misrepresentation must be made as to a material fact which would change the trial court's judgment." McFarland v. Phend & Brown, Inc. (1974), Ind. App., 317 N.E.2d 460, 462.