ARTHUR ANDERSON *v.* INDIANA STATE EMPLOYEES' APPEALS COMMISSION ET AL.

[No. 2-976A331. Filed March 24, 1977. Rehearing denied June 8, 1977. Transfer denied August 15, 1977.]

*M. Daniel Friedland,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Assistant Attorney General, for appellee.

PER CURIAM—This cause is pending before the Court on the appellees' Motion to Dismiss or Affirm, which alleges multiple defects in the record of the proceedings and in the appellant's brief. We have carefully examined the record of the proceedings and appellant's brief and, after such examination, we reluctantly conclude that the appellant has failed to file a record and brief sufficient to preserve and present any errors for our consideration on appeal. Accordingly, we affirm.

This was an action in the trial court for judicial review of the order of the Indiana State Employees' Commission which affirmed appellant's dismissal as a permanent status employee in the Indiana State Merit Service.

The record before us is in three volumes. Two of the volumes contain the proceedings before the State Employees' Appeals Commission and the third volume contains the proceedings on judicial review in the Marion Circuit Court. The two volumes of the proceedings before the Commisison contain no table of contents as required by Rule

AP. 7.1 (C), nor do they contain any marginal notations as required by Rule A.P. 7.2 (A) (3) (a). Since these two volumes of the record contain the evidence adduced before the Commission, without the navigational aids of a table of contents and marginal notations, the reader is left adrift and at a complete loss to know where the testimony of any particular witness is, and whether on any given page the examination is direct, cross or redirect without rummaging through the records to find the testimony of a particular witness, then searching to find the various portions of that witness's testimony.

The third volume contains the proceedings in the Circuit Court. This volume does contain a table of contents, but only as to the matters contained in the third volume. There are no marginal notations, however, on any of the pages. The pleadings and orders in this volume are not arranged in chronological order. There are various extraneous matters contained in this volume which had not previously been presented to and considered by the Commission, contrary to the provisions of IC 1971, 4-22-1-18, which provides that the reviewing court shall not try or determine the cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this Act.

Of graver consequence, however, is the fact that the record of the proceedings before the Marion Circuit Court contains only one order book entry, that showing the overruling of petitioner-appellant's Motion to Correct Errors. Rule AP. 7.2 (A) (2) requires that the record shall contain a copy of the order book entries. The Marion Circuit Court is a court of record. Our Supreme Court has recently affirmed the maxim that a court of record speaks only through its order book entries. *State ex rel. Mammoth Development and Construction Consultants, Inc., etc.* v. *Superior Court of Marion County, et al.* (1976), 265 Ind. 573, 357

1. See also: *Blum's Lumber & Crating, Inc.* v. *James* (1972), 259 Ind. 220, 285 N.E.2d 832; *Epps* v. *State* (1963), 244 Ind. 515, 192 N.E.2d 459; *State ex rel. Taylor* v. *Offutt* (1956), 235 Ind. 552, 135 N.E.2d 241; *Pearman* v. *State* (1954), 233 Ind. 111, 117 N.E.2d 362; *State*

N.E.2d 732.[1] Thus, appellant has failed to bring a record which demonstrates any of the proceedings of the Marion Circuit Court except the overruling of the Motion to Correct Errors. It is the duty of the appellant to bring a record which supports his claimed errors and which is sufficient to permit an intelligent decision of the issues. *Johnson* v. *State* (1972), 258 Ind. 648, 283 N.E.2d 532; *Burns* v. *State* (1970), 255 Ind. 1, 260 N.E.2d 559.

We further note in our examination of the record that the Motion to Correct Errors is not sufficiently specific to have presented any error to the trial court nor to preserve any error for appeal. The Motion to Correct Errors contains various bald assertions of error, couched in general rather than specific statements, and the motion is not accompanied by a statement of the facts and grounds upon which the errors are based, all as required by Rule TR. 59(B). Both the Supreme Court of Indiana and this Court have written repeatedly to the requirement of specific assertions in the motion to correct errors. As we stated in *Johnson* v. *State* (1975), 167 Ind. App. 292, 338 N.E.2d 680 at 682:

> "The requirement of specificity contained in TR. 59(B) and echoed by TR. 59(G) should be notorious by now. Not only must the alleged error be specifically set out, but also the facts and grounds in support of the claimed error must be discussed with enough particularity that the trial court may be made aware of the exact legal issue involved. Failure to comply waives any claimed error except sufficiency of the evidence, pursuant to TR. 50(A)(5)."

While we recognize the Motion to Correct Errors was filed in this case before *Johnson, supra,* was handed down, nonetheless there had been numerous decisions on this point beginning as early as 1971, as cited in *Johnson,* so that appellant's counsel should have been aware of the necessity for specificity in the motion to correct errors.

*ex rel. Harp* v. *Vanderburgh Cir. Ct.* (1949), 227 Ind. 353, 85 N.E.2d 254; *State ex rel. Davis* v. *Achor* (1947), 225 Ind. 319, 75 N.E.2d 154; *State ex rel. Thompson* v. *Rhoades* (1946), 224 Ind. 136, 65 N.E.2d 248; *Cook* v. *State* (1941), 219 Ind. 234, 37 N.E.2d 63.

In the case now before us, considering the multiple deficiencies of the three volumes of the record, we must conclude that the appellant has failed in his duty to bring before us a record which is sufficient to support the claimed errors and permit an intelligent review of the issues.

Turning now to the appellant's brief, it is immediately apparent that the brief has not been prepared in compliance with Rule AP. 8.3(A). The various sections of the brief are not in the sequence required by Rule AP. 8.3(A)(3), (4), and (5). There is no verbatim statement of the judgment being appealed from as required by Rule AP. 8.3(A)(4). In the statement of facts section of the brief, there are no references to the record as required by Rule AP. 8.3(A)(5). The brief fails to contain sufficient citations to the pages of the record in the argument section as required by Rule AP. 8.3(A)(7). This omission is particularly glaring in view of the deficiencies of the two volumes of the record containing the evidence as discussed hereinabove.

The argument section of the brief is not sufficient to demonstrate error. Appellant has intertwined in the argument the three elements of evidence elicited at the proceedings before the Commission, matters which he sought to present as newly discovered evidence which the trial court did not permit to be presented, and matters totally outside of the proceedings before the Commission and the trial court. Without searching the record to compare the matters contained therein with the assertions contained in the brief, it is impossible to tell which is which. An appellant's brief is required to be prepared so that each judge, considering the brief alone and independently from the record, can intelligently consider each question presented. *Thonert v. Daenell* (1970), 148 Ind. App. 70, 263 N.E.2d 749.

The argument section of appellant's brief contains many instances of innuendo, accusation, speculation and conjecture,

but it is not argument in the technical, legal brief writing sense. There are no clear statements of alleged error, with cogent argument directed to each error, supported by authority with clear explanations of how that authority is applicable to the statements of claimed error. Without authority to support contentions of error, any such errors are deemed waived. *City of Indianapolis, Dept. Met. Dev.* v. *Heeter* (1976), 171 Ind. App. 119, 355 N.E.2d 429; *Schmidt Enterprises, Inc.* v. *State* (1976), 170 Ind. App. 628, 354 N.E.2d 247; *Weenig* v. *Wood* (1976), 169 Ind. App. 413, 349 N.E.2d 235.

Appellant asserts, without concise argument or demonstration, that the Commission's decision was without the support of substantial evidence. A mere conclusory allegation that the determination being reviewed lacks a sufficient evidential basis, without reference to specific deficiencies, presents nothing for our review. *City of Hammond* v. *Beiriger* (1975), 169 Ind. App. 413, 328 N.E.2d 466. In the effort to fortify his claim that the Commission's decision was not supported by any substantial evidence, the appellant casts aspersions on the credibility of various witnesses and invites us to reassess the credibility of the several witnesses and reweigh the evidence. This we may not do. *Monumental Life Insurance Company* v. *Hakey* (1976), 171 Ind. App. 56, 354 N.E.2d 333.

For this Court to find reversible error, it is necessary for the appellant to demonstrate that he was prejudiced by the trial court's decision and that the trial court's judgment was clearly against logic and all reasonable inferences to be drawn therefrom. *Wells* v. *Gibson Coal Company* (1976), 170 Ind. App. 445, 352 N.E.2d 838. Appellant has totally failed in this burden. Appellant's argument more resembles a vindictive quarrel than it does a reasonable, reasoned, cogent, appellate level legal argument.

The appellant has not met the burden of demonstrating reversible error either by preserving any error for appeal

by reason of the defective motion to correct errors, nor has he presented any reversible error on appeal by reason of his defective brief. As we said in *Citizens National Bank of Grant County* v. *Harvey* (1975), Ind. App., 334 N.E.2d 719, the need for compliance with the rules governing preparation of records and briefs is no tempest in a teapot. Cooperation by the bar is absolutely necessary in assisting the Court in the decision of multitudinous appeals.

The appellant's attorney has filed an unresponsive reply to the Motion to Dismiss in which he characterizes the various defects in the record and brief as pointed out by the Motion to Dismiss or Affirm as "frivolous points" and "de minemus when taken cumulatively". Counsel fails to appreciate that the cumulative effects of those several defects would render it virtually impossible for this Court to make an intelligent review of appellant's alleged errors.

If the brief alone were defective, we would permit appellant to file an amended brief as was done in *Citizens National Bank of Grant County, supra,* and permit marginal notations and tables of contents to be added to the record. However, since the motion to correct errors is fatally defective and cannot now be amended, rebriefing and the additions to the record would be to no avail.

The appellees' Motion to Affirm is sustained and the judgment of the trial court is affirmed.

NOTE.—Reported at 360 N.E.2d 1040.