WAMPLER ET AL. *v.* TRUSTEES OF INDIANA UNIVERSITY.

[No. 29,928. Filed February 6, 1961. Rehearing denied March 14, 1961.]

450

*Evens, Baker & Barnhart,* of Bloomington, for appellants.

*Henley & Bunger, George W. Henley* and *Len E. Bunger, Jr.,* of Bloomington, for appellee.

BOBBITT, C. J.—Appellee brought this action to condemn and appropriate the absolute fee simple title to certain real estate owned by appellants, and to be used by Indiana University as a parking lot in connection with a student dormitory located across the street from such real estate.

Appellants filed objections to appellee's complaint thereby raising, *inter alia,* the following questions:

 (1) Did appellee have the power to condemn appellants' land for the intended purpose?

 (2) Is there a necessity for the taking?

 (3) Was there a "good faith" effort to purchase?

From an order overruling appellants' objections this appeal is prosecuted.

We shall consider the questions here presented in the order of their discussion in appellants' brief.

*First:* Does appellee have the authority and power to condemn appellants' property for the intended purpose?

Acts 1911, ch. 189, §1, p. 468, being §22-503, Burns' 1950 Replacement, provides in pertinent part as follows:

> "Whenever the board of trustees, . . . of any . . . educational . . . institution belonging to the state of Indiana shall deem it necessary or desirable for the welfare or convenience of such institution, to acquire real estate for its use, said institution, by its board of trustees, . . . is hereby authorized and empowered to condemn such real estate, and, for that purpose, shall possess the right and powers secured by an act of the general assembly concerning proceedings in the exercise of eminent domain, approved February 27, 1905, shall be subject to the duties imposed thereby, and shall conduct such condemnation proceedings in conformity therewith: . . ."[1]

The resolution adopted by the Board of Trustees of Indiana University and which is made a part of the complaint and marked Exhibit "A" states, *inter alia,* that:

> "WHEREAS, the Board of Trustees of Indiana University, for the furtherance of its public educational purposes deem it necessary and proper to acquire absolute fee simple title to that certain real estate described as Lot Number 8 in Ray Rogers Addition to the City of Bloomington, Monroe County, Indiana, as shown by the recorded plat thereof on file in the office of the Recorder of Monroe County, Indiana."

---

1. Specific authority for the building of dormitories and other housing facilities, including parking facilities, was given to the Trustees of Indiana University by Acts 1959, ch. 27, §1, p. 78, being §28-5722, Burns' 1960 Cum. Supp.

The necessity and expediency of taking property for public use is a legislative question, and where the intended use is public, this question may be determined by such agency and in such manner as the Legislature may designate. *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co.* (1959), 239 Ind. 405, 157 N. E. 2d 194, 197, 198.

It is not contended that the property which appellee here seeks to appropriate will not be devoted to a public use.

The statute[2] vests discretion in appellee to condemn and appropriate property which it deems necessary and desirable for the "welfare or convenience" of the University, and its judgment cannot be questioned or superseded by the courts except for fraud, capriciousness or illegality. *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co., supra* (1959), 239 Ind. 405, 411, 157 N. E. 2d 194.

While we recognize that reasonable standards must be imposed where the Legislature delegates discretionary duties to administrative officers and bodies, we are also aware that the specific nature of the purposes to be accomplished by the Act may be considered in determining whether the standards therein provided are as specific, definite and certain as the necessities of the case permit. *Ennis* v. *State Highway Commission* (1952), 231 Ind. 311, 326, 108 N. E. 2d 687.

Clearly, the purpose to be accomplished in the present case is to prepare adequately to meet the expansion problems inherent in this era of college and university growth and development. The members of the Board of Trustees are the best qualified

2. Acts 1911, ch. 189, §1, p. 468, being §22-503, Burns' 1950 Replacement.

to determine whether or not it is necessary or desirable for the welfare or convenience of the University to condemn and appropriate the property here in question for the intended purpose. Measured by these qualifications it must be concluded that the standards provided by §22-503, *supra,* are reasonable and adequate for the purpose to be accomplished by the Act, and appellee acted within its statutory power and authority in proceeding to condemn and appropriate appellants' property for the intended use. See: *Russell* v. *Trustees of Purdue University* (1929), 201 Ind. 367, 168 N. E. 529, 65 A. L. R. 1384.

*Second:* Appellants assert that it was not necessary to appropriate their land, and that appellee seeks to condemn more land than the University needs because sufficient parking space could be provided to serve the "Tower Dormitory area of the University Campus" by using available land in the area already owned by the University.

The question of the necessity or expediency of a taking in eminent domain lies within the discretion of the Legislature and is not a proper subject for judicial review. Consequently appellants here cannot show in defense of the present proceedings that a quantity of land less than that described in the complaint would suffice, or that the University owned other land which might have been converted to parking space instead of appropriating appellants' land for such use. *The Cemetery Co.* v. *Warren Sch. Twp. et al.* (1957), 236 Ind. 171, 188, 139 N. E. 2d 538; *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382, 388, 73 N. E. 811; *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co., supra* (1959), 239 Ind. 405, 157 N. E. 2d 194, 197, 198; 11 I. L. E., Eminent Domain, §18, p. 585; 1 Nichols on Eminent Domain, §4.11, p. 373.

*Third:* Appellants further assert that appellee did not make a "good faith" effort to purchase the land pursuant to Acts 1905, ch. 48, §1, p. 59, being §3-1701, Burns' 1946 Replacement, before instituting condemnation proceedings.

An effort to purchase the property sought to be acquired is a condition precedent to the right to maintain an action to condemn property pursuant to the Eminent Domain Act, and the burden is on the appellee here to show a good faith effort to purchase and an inability to agree. *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co., supra* (1959), 239 Ind. 405, 157 N. E. 2d 194, 198, 199.

Appellants contend that the effort to purchase their land was not made in good faith because they were not offered what they considered to be the market price of the property. They rely upon *In re Rogers* (1928), 243 Mich. 517, 220 N. W. 808, 811, which states,

> "A bona fide effort to purchase involves a willingness to pay the market value of the land wanted, and this means the amount for which the property would actually sell at the time."

In the Rogers case an agent of the State Highway Commission attempted to make a settlement with the property owners on the basis of an offer of $300 per acre in one location and $500 per acre in another, which offer had been made two years before the attempted settlement. The lowest value placed upon the land at the hearing was $2,500 per acre. The court held that the offer of $300 per acre "constituted no real effort to purchase; was perfunctory only, for it negatived any purpose to negotiate." At page 811 of 220 N. W. the court further stated that:

> "The highway department need not pay the price asked by a property owner, if not reasonable;

> neither is the property owner required to accept an inadequate price offered by the department or, in case of refusal, be subjected to the expense and trouble of condemnation proceedings. The law intends a purchase based upon a fair and reasonable price reached in a good-faith effort to purchase."

The evidence at the hearing in the present case discloses that appellants' property here involved is Lot Number 8 in Ray Rogers Addition to the City of Bloomington, Indiana; that Lot Number 7 in such addition was purchased by the University for $18,000; Lot Number 9 for $21,000; and that the highest price paid for any single lot acquired in the addition was $25,000. Under these circumstances it cannot be said that an offer of $30,000 for appellants' property "constituted no real effort to purchase." The University was not required to pay the price asked by appellants if it was not reasonable.

The facts and circumstances in the Rogers case vary so widely from those in the present case that it cannot be controlling or persuasive here.

Prior decisions of this court have not followed the "market value of the land" theory and appellants here have advanced no persuasive reason to depart from the general rule, which has been applied in Indiana to determine whether or not an effort to purchase has been made which satisfies the requirements of our statutes on Eminent Domain,[3] and to adopt in lieu thereof the "market value of the land" theory.

What constitutes a "good faith" or "bona fide" offer to purchase? Each case must be determined in light

---

3. Acts 1905, ch. 48, §1, p. 59, being §3-1701, Burns' 1946 Replacement.

of its own particular circumstances. However, the authorities generally indicate that where there is disagreement regarding the value of property, if a reasonable offer is made honestly and in good faith and a reasonable effort has been made to induce the owner to accept it, the requirements of the statute for an offer to purchase have been met. 18 Am. Jur., Eminent Domain, §319, p. 962; 29 C. J. S., Eminent Domain, §224(b), p. 1167.

In our judgment the statute here (§3-1701, *supra*) does not contemplate an impossibility to purchase at any price, however large, but merely an unwillingness on the part of the owner to sell only at a price which in the petitioner's judgment is excessive. In such an event the attempt to agree need not be pursued further than to develop the fact that an agreement to purchase is not possible at any price which the condemnor is willing to pay. 29 C. J. S., Eminent Domain, §224(b), p. 1167, *supra.*

The record here discloses that appellee first contacted appellants in the spring of 1955 concerning the acquisition of their property. Appellants' answer to appellee's first contact was that they did not want to sell. Appellants were contacted on three or four subsequent occasions and such oral negotiations resulted in an offer by appellee first of $25,000, and subsequently of $30,000. On July 17, 1957, appellee, by registered mail, made its final offer of $30,000, and served therewith notice of intent to condemn. On July 30, 1957, appellants requested appellee to withdraw its notice of intention to condemn. On August 3, 1957, appellee demanded acceptance of its offer of $30,000 by August 8, 1957. On July 14, 1958, appellants again indicated their desire not to sell but offered to take $50,000 for the property. This offer was rejected on July 17, 1958, by

appellee. Appellee's complaint to condemn and appropriate was filed on August 15, 1958. At the hearing on appellants' objections the director of the real estate division of Indiana University testified that no further negotiations were entered into with appellants because they had, through their attorneys, stated that they would accept nothing less than $50,000 for the property.

In our judgment the record here clearly discloses not only an offer honestly made in good faith, but also a reasonable effort to induce the owners to accept it, and an unwillingness on the part of the owners, appellants, to sell only at a price which appellee deemed excessive. This meets fully the requirements of the statute pertaining to an offer to purchase prior to the filing of condemnation proceedings. Cf.: *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co., supra* (1959), 239 Ind. 405, 411, 157 N. E. 2d 194.

The appellee here possessed the power and authority to condemn and appropriate the subject land for the use intended. It is not alleged that appellee acted fraudulently or capriciously. Its actions herein were not illegal.

The judgment of the trial court overruling appellants' objections to the condemnation and appropriation of their land described in appellee's complaint and appointing appraisers to assess the damages, if any, must be affirmed.

Judgment affirmed.

Landis, Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 67.