FLORENCE MEYER, A/K/A BAS *v.* NORTHERN
INDIANA PUBLIC SERVICE CO.

[No. 1070S237. Filed February 16, 1972. Rehearing denied
December 14, 1972.]

*Duane W. Hartman, Glenn J. Tabor, Blachly, Tabor & Bozik,* of Valparaiso, for appellant.

*William H. Eichhorn, Schroer, Eichhorn & Morrow,* of Hammond, for appellee.

GIVAN, J.—This is a second appeal by the appellant involving the same parties and the same subject matter. See *Meyer* v. *Northern Indiana Public Service Co.* (1970), 254 Ind. 112, 258 N. E. 2d 57, 21 Ind. Dec. 278.

In our prior opinion we accepted the statement of the appellee that it needed a 150 foot right-of-way to erect a 345 KV transmission line, and that an additional 50 feet of right-of-way was desired to accommodate future construction of a 138 KV line. Based upon these statements of fact by the appellee this Court held the trial court to be in error in appropriating the full 200 feet requested by the appellee for the reason the appellee had demonstrated a present need for 150 feet of right-of-way and had at the same time clearly demonstrated they had no need at this time for the additional 50 feet for the construction of a 138 KV line.

We must first consider a motion to dismiss or affirm filed by the appellee in which it is alleged the appellant is bringing up the same questions which were presented on the first appeal and thus the questions presented should not be considered on this second appeal, citing *Chicago & E. R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652. They further contend that the appellant cannot be allowed to bring a second appeal from a judgment rendered in accordance with a reviewing court's mandate on a previous appeal, citing 1 I.L.E., *Appeals,* § 6, *Catherwood* v. *Morgan* (1934), 99 Ind. App. 332, 188 N. E. 801. However, it is our observation appellee is in error in assuming that the action taken by the trial court

following our decision of the first appeal was taken in accordance with our mandate.

In the case at bar the record discloses the appellee had embarked on a project to purchase a 200 foot right-of-way as above described over several privately owned, properties, among which was the property of the appellant. At the particular point in the right-of-way where appellant's land was affected, the center line of the right-of-way coincided approximately with the north line of the Meyer property and the south line of property owned by one Richard Truitt with approximately half of the proposed 200 foot right-of-way being on the Truitt property and approximately half being on the property of the appellant. Mr. Truitt testified that under threat of condemnation from the appellee and in acceptance of their offer to purchase that portion of right-of-way across his land, he executed a deed to the appellee for a strip of ground approximately 110 feet in width. The factual situation at the time of the trial court's order which is now before us is that NIPSCO has a deed from Truitt to approximately half of the 200 foot right-of-way which they originaly sought. Under the terms of our prior decision they are entitled to maintain an action in condemnation in order to complete the acquisition of a right-of-way 150 feet in width. The trial court interpreted our prior decision to entitle the appellee to condemn a strip not to exceed 150 feet starting from the south edge of the originally proposed 200 foot right-of-way. The trial court was apparently impressed by appellee's argument which is repeated here that although they already owned the right-of-way on the Truitt property, that ownership could not be considered by the court in determining their right to acquire their 150 foot right-of-way, citing *Wampler* v. *Trustees of Indiana University* (1961), 241 Ind. 449, 172 N. E. 2d 67. However, the facts in the *Wampler* case are distinguished from the facts in the case at bar. In *Wampler* the University sought to condemn the appellants' land for use as a parking facility for a dormitory.

Wampler argued that the University sought to condemn more land than it needed because sufficient parking space could be provided by using available land in the area already owned by the University. In response to this contention this Court, at page 454, stated:

"The question of the necessity or expediency of a taking in eminent domain lies within the discretion of the Legislature and is not a proper subject for judicial review. Consequently appellants here cannot show in defense of the present proceedings that a quantity of land less than that described in the complaint would suffice, or that the University owned other land which might have been converted to parking space instead of appropriating appellants' land for such use. . . ."

However, in the case at bar appellee's only right to purchase the land which was purchased from Truitt was for the same present use and under threat of an identical condemnation action as that involving the land which they now seek to acquire from the appellant. This is not a case of the appellee previously owning land in the vicinity which it acquired for other purposes. As we previously held for this particular power line project the appellee has clearly stated that it needs only 150 feet. It has by its own choice acquired a portion of that needed right-of-way from Richard Truitt. It may now maintain a condemnation action to obtain the balance of the needed 150 foot right-of-way from the appellant. The trial court was in error in stating that the measurement of the 150 foot width would start from the south boundary of the originally proposed right-of-way on the Meyer property. Because of the present ownership of the right-of-way by appellee on the Truitt property the measurement of the 150 feet in width must begin from the north boundary of the originally proposed right-of-way on the Truitt property.

We would make a further observation in this case that we are also on this day handing down an opinion on the second

appeal of three cases which we have consolidated, namely: *Dzur* v. *Northern Indiana Public Service Company; Corazzo* v. *Northern Indiana Public Service Company* and *Country Estates, Inc., et al.* v. *Northern Indiana Public Service Company,* in which we are holding that upon remand of the first appeal it was necessary for the appellee to make a new offer to purchase the land it seeks to condemn under the revised plan. The offer to purchase must be the same as that which the appellee seeks to condemn in order to comply with the statute, Burns Ind. Stat., 1968 Repl., § 3-1701. See *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015. That proposition of law also applies to the case at bar.

The trial court is, therefore, reversed with instructions to proceed with this cause in a manner not inconsistent with this opinion.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 561.