Mercedes **MAHARIS**, Appellant–Plaintiff,

v.

**ORANGE COUNTY, Indiana,**
Appellee–Defendant.

No. 59A05–9606–CV–225.

Court of Appeals of Indiana.

Oct. 14, 1997.

George M. Steckfus, Floyds Knobs, for Appellant–Plaintiff.

Edward J. Liptak, Miller Caron Boxberger & Murphy LLP, Bloomington, James C.

Tucker, Orange County Attorney, Paoli, for Appellee–Defendant.

## OPINION

BARTEAU, Judge.

Mercedes Maharis appeals the trial court's order striking her answer, affirmative defenses and counterclaim to Orange County's complaint for appropriation and condemnation of a portion of her property. Maharis raises the following issues:

1. Whether the trial court erred in entering the appropriation order before Maharis was properly served with process?

2. Whether the trial court properly denied Maharis' motion for change of venue?

3. Whether the condemnation proceedings provided a sufficient description of the property?

4. Whether Orange County failed to name all necessary parties to the condemnation action?

5. Whether Orange County failed to provide notice to the Indiana Department of Transportation that Maharis was a landowner?

Orange County responds that the above stated issues were not properly raised in the trial court, and are therefore unavailable to Maharis on appeal. We agree and thus affirm the judgment of the trial court.[1]

## FACTS AND PROCEDURAL HISTORY

On May 5, 1995, Orange County filed a Complaint for Appropriation of Real Estate against Maharis in order to obtain a portion of Maharis' land for a bridge improvement project. A Summons and Notice of Appropriation of Real Estate was issued to Maharis at her Las Vegas, Nevada, address on May 10, 1995. Maharis did not respond to the summons, and an Order of Appropriation and Appointment of Appraisers was entered on June 5, 1995. However, that order was set aside on June 8, 1995, because the May 10 summons and notice was returned unclaimed.

In the order setting aside the appropriation, the trial court ordered the clerk "to issue Summons and Notice of Appraisal of Real Estate by the Sheriff of Clark County, Nevada, with a return date of July 7, 1995." R. 25. A deputy sheriff of Clark County unsuccessfully attempted to serve the summons and notice upon Maharis at her Las Vegas address on July 1, July 6, July 10, July 11, and July 13, 1995. The deputy sheriff left two note cards on Maharis' door, and on July 10, 1995, spoke to Maharis' husband, who refused to accept service on her behalf.

Because all previous attempts to serve the summons and notice were unsuccessful, a Summons by Publication was issued on July 13, 1995, requiring a response on or before August 31, 1995. On August 29, 1995, Maharis' attorney entered an appearance and filed a Motion for Ex Parte Order of Extension of Time, requesting an enlargement of time in which to file a responsive pleading to the Complaint for Appropriation of Real Estate. The motion was denied on August 29, 1995, and an Order of Appropriation of Real Estate and Appointment of Appraisers was entered on September 1, 1995.

An Oath of Appraisers was filed on September 22, 1995, and the appraisers filed their Report of Appraisers assessing the amount of compensation due Maharis on September 26, 1995. The trial court issued an Entry and Order on Appraiser's Report on September 26, 1995, and counsel for Maharis accepted service of that entry and order on September 30, 1995.

On October 10, 1995, Maharis filed Defendant's Answer to Plaintiff's Complaint, which included several affirmative defenses, a counterclaim against Orange County, and a demand for trial by jury. Thereafter, on October 19, 1995, Maharis filed a Verified Motion for Change of Venue from the County. On October 26, 1995, Orange County filed a motion to strike all of Maharis' October filings because they were not properly filed in accordance with the statute governing condemnation proceedings. The trial court granted

---

1. We also note that Maharis provides no authority in support of her arguments on issues 3, 4 and 5, nor does she provide cogent argument as to why these asserted deficiencies entitle her to relief from the condemnation. Maharis has therefore waived these issues. *See Cliver v. State,* 666 N.E.2d 59, 62 n. 1 (Ind.1996).

the motion to strike on February 9, 1996, and Maharis now appeals the trial court's order granting the motion to strike.

### DISCUSSION

 The acquisition of land by eminent domain is governed by Indiana Code sections 32–11–1–1 to 32–11–1–13. Indiana Code section 32–11–1–5 provides:

> Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section 8 of this chapter: provided, that amendments to pleadings may be made upon leave of the court.

Ind.Code § 32–11–1–5 (1993).[2] As the statute indicates, all objections to the appropriation and condemnation of land by eminent domain, including lack of subject matter and personal jurisdiction, must be filed "not later than the first appearance of such defendant," and "no pleadings other than the complaint and such statement [of] objections shall be allowed." *Id.* In the present case, Maharis did not file any objections to the proceedings until her filing of pleadings on October 10, 1995, long after her first appearance on August 29, 1995. All of Maharis' asserted errors, with the exception of her request for change of venue, are objections that should properly have been filed with her first appearance. However, Maharis did not properly file her objections pursuant to the eminent domain statutes, but instead attempted to raise her objections in other pleadings. Maharis has not preserved any error for appeal on those issues. The trial court did not err in striking Maharis' pleadings that were not allowed under the eminent domain statute.

 With respect to Maharis' request for a change of venue, Maharis also failed to properly make that request in the trial court. Pursuant to Indiana Trial Rule 76(C)(1), the parties in a condemnation action have thirty days after the filing of the original complaint and its entry on the chronological case summary of the court to request a change of venue. *See State ex rel. Northern Ind. Public Serv. Co. v. Elkhart Superior Court,* 556 N.E.2d 326, 328 (Ind.1990). Maharis filed her request for change of venue on October 19, 1995, more than thirty days after May 5, 1995, the date that the original complaint was filed and the entry was made on the chronological case summary. The trial court did not err in refusing to grant Maharis' untimely request for a change of venue.

Affirmed.

RUCKER and STATON, JJ., concur.

---

2. Section 8 provides:

Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court in session, within twenty (20) days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just.

Ind.Code § 32–11–1–8 (1993).