**STATE of Indiana, Appellant–Plaintiff,**

v.

**Thomas C. COLLOM, Merchants National Bank, and Parke County, Indiana, Appellees–Defendants.**

No. 61A05–9812–CV–607.

Court of Appeals of Indiana.

Dec. 14, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Sam A. Swaim, James O. Hanner, Hanner Hanner & Hanner, Attorneys for Appellee Thomas C. Collom.

1. Collom owned the property in question subject to a mortgage interest possessed by Merchants National Bank and a possible tax lien

## OPINION

BROOK, Judge

### Case Summary

The State of Indiana filed suit to take, by eminent domain proceedings, real estate owned by Thomas C. Collom ("Collom")[1] for the purpose of effecting improvements to U.S. Highway 41 in Parke County, Indiana. The trial court denied the State's complaint to appropriate Collom's property, and the State appeals.

We reverse and remand for further proceedings consistent with this opinion.

### Issues

The State raises the following two issues for our review:

(1) whether Collom's answer to the State's complaint for appropriation of real estate constituted a valid objection; and

(2) whether the trial court erred when it denied the State's complaint for appropriation of real estate, finding no proof of necessity for the taking.

### Facts and Procedural History

The State, through its Department of Transportation, has prepared and adopted plans for the improvement of U.S. 41 in Parke County, Indiana, under Project No. STP–037–2(018). In order to effect these improvements, the State sought to appropriate from Collom approximately half an acre of frontage abutting the east side of U.S. 41 and offered him $4,495.00 for the property on November 18, 1997. Collom refused to sell, and the State initiated eminent domain proceedings by filing a complaint for appropriation of the real estate on April 13, 1998. The complaint alleged that the property sought by the State was necessary to effect the proposed improvements to U.S. 41 and that the parties had been unable to agree on a purchase price.

possessed by Parke County. Neither the bank nor the county is a party to this appeal.

In response, Collom filed an answer generally denying the State's averments of necessity. The State moved to overrule Collom's answer to the complaint, contending it was not a permitted pleading and did not constitute a valid objection as contemplated by Indiana's eminent domain statutes. The trial court denied the State's motion to overrule Collom's answer and proceeded with an evidentiary hearing on the merits on November 10, 1998.

At the commencement of the hearing, the State orally renewed its motion to overrule Collom's answer to the complaint as improper, which the trial court again denied. Thereafter, Collom testified on his own behalf that the appropriation of the half-acre of his frontage was not necessary to effect the proposed improvements to U.S. 41, because the State's plan called for the restructuring of U.S. 41 to curve westward, *away* from his property and *away* from the existing highway that runs north and south adjacent to his property. Collom further testified that although the State had informed him it required the half-acre of frontage for purposes of reconstructing and widening a highway ditch to the east of U.S. 41, he did not believe that such a ditch was necessary given existing water flow in that area. The State presented no witnesses or evidence on its behalf.

On November 19, 1998, the trial court denied the State's complaint for appropriation of Collom's real estate, finding in pertinent part:

5) That the State has alleged that the real estate of [Collom] is necessary in order to improve U.S. Highway 41.

6) That there has been no showing by the State of Indiana that the real estate proposed to be appropriated is necessary for any prospective improvements and relocation of U.S. Highway 41, all as set out in their complaint.

7) That the State has failed in its burden to show that the improvements are necessary pursuant to the statute.

8) That [Collom] has shown by a preponderance of the evidence that the appropriation of his real estate is not necessary for the project.

9) That the State has introduced no evidence in support of its Complaint for Appropriation of Real Estate and in particular as to the necessity of the appropriation of the Defendant Collom's real estate for any proposed improvements.

10) That [Collom] has stated a legally valid objection to the State's Complaint and there has been no showing by the State that it has the right to exercise the power of eminent domain for the use sought.

11) The Court further finds that the relocation and deviation of the existing highway is to the west of [Collom's] property and [Collom's] property is not necessary for the relocation of the same.

12) That the Court finds that the action of the State in attempting to condemn [Collom's] property is arbitrary and capricious and without consideration and in disregard of the facts or circumstances of the case.

13) That there has been no showing that the property of [Collom's] attempted to be taken will be used for any public purpose.

14) That there has been no showing by the [State] that the proposed taking of [Collom's] land is necessary for any of those purposes set forth in I.C. 8–23–7–2.

The State now appeals.

## Discussion and Decision

### I. *Validity of Collom's Objection*

 A threshold issue that must be addressed is whether Collom's answer to the complaint for appropriation of real estate was, as the State contends, improper. IND.CODE § 32–11–1–5 sets forth the ap-

propriate objections which can be offered in an eminent domain proceeding and provides in relevant part:

> Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed no later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section 8 of this chapter [exceptions to appraisers' reports]: provided, that amendments to pleadings may be made upon leave of court.

It is well settled that if an objection goes to matters on the face of the complaint for appropriation of real estate, it should point out the particular defects contained therein and allege specific facts supporting such objection. *Joint County Park Bd. of Ripley, Dearborn and Decatur Counties v. Stegemoller,* 228 Ind. 103, 109, 88 N.E.2d 686, 688 (1949).

Here, Collom's answer to the State's complaint states merely that he "denies that the land is necessary for the improvements as set forth in … Plaintiff's complaint." However, Collom fails to indicate with any particularity and reason *why* the property in question is not necessary to the State's improvements of U.S. 41. His answer "was in effect an answer in general denial, not contemplated by [IND.CODE § 32–11–1–5]." *See id.,* 228 Ind. at 110, 88 N.E.2d at 688 (objection that State had no right or power to exercise eminent domain stated no facts showing why it had no such rights or powers; trial court erred in sustaining such objection); *see also Maharis v. Orange County,* 685 N.E.2d 1131, 1133 (Ind.Ct.App.1997) (land owner's objections raised in other pleadings not properly

filed; trial court did not err in striking such objections because they were prohibited by eminent domain statutes). Accordingly, the trial court erred when it declined to overrule Collom's answer to the State's complaint for appropriation of real estate, as it was neither a permitted pleading nor a valid objection contemplated by Indiana's eminent domain statutes.

## II. Denial of State's Complaint

▇▇▇ Nevertheless, we will assume for purposes of our review that the only objection raised by Collom both at trial and on appeal is that the State's proposed taking of his property is not necessary to effect the proposed improvements to U.S. 41. It has long been established that the necessity of taking property for public use is purely a legislative question and not a proper subject for judicial review; where the intended use is public, this question may be determined by such agency and in such manner as the legislature may designate. *Wampler v. Trustees of Indiana University,* 241 Ind. 449, 453, 172 N.E.2d 67, 69 (1961). Thus, "a court may not inquire into the administrative determination of the propriety, reasonableness, or necessity for the taking of property by eminent domain by a proper authority, except for fraud, or where the proceeding is a subterfuge for taking property for private use." *Cemetery Co. v. Warren School Twp. of Marion County,* 236 Ind. 171, 189, 139 N.E.2d 538, 546–47 (1957). As our supreme court has explained:

> The courts have the right to determine the *legal authority and right* under which the power of eminent domain is exercised. This does not mean, however, that the courts may assume the administrative act of determining the *necessity or reasonableness* of the decision to appropriate and take the land. To us, this appears to be a matter for the determination of the legislature or the corporate body to whom the legislature has delegated such a decision. We do not think the court has the power to inquire into the wisdom or propriety of such

judgment unless a question of fraud or bad faith is raised as where an attempt is made to show that the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use.

*Id.,* 236 Ind. at 188, 139 N.E.2d at 545 (emphasis in original).

We acknowledge that "[t]he power of eminent domain—the right to appropriate for public use the private property of the citizen against his will—has been characterized as a 'very high and dangerous one,' and [the State] cannot exercise that power ... unless it is able to show clear legislative authority for so doing." *Shedd v. Northern Indiana Public Service Co.,* 206 Ind. 35, 41–42, 188 N.E. 322, 324 (1934). However, the State in the instant case has unquestionably been empowered with such legislative authority through IND.CODE § 8–23–2–6, which permits the Department of Transportation to "[a]cquire by purchase, gift, or condemnation, sell, abandon, own in fee or a lesser interest, hold, or lease property in the name of the state, or otherwise dispose of or encumber property to carry out its responsibilities." IND. CODE § 8–23–2–6(a)(1). IND.CODE § 8–23–7–2 further provides:

> The department may acquire real property for any purpose necessary to carry out this article, including the following:
>
> (1) To locate, relocate, construct, reconstruct, repair, or maintain a state highway.
>
> (2) To widen or straighten a highway.
>
> (3) To clear and remove obstructions to vision at crossings and curves.
>
> (4) To construct weigh stations and rest areas.
>
> (5) To provide scenic easements and other areas necessary to cooperate with the federal government or carry out a federal law.
>
> (6) To facilitate long-range transportation planning.

 Necessity under Indiana's eminent domain statutes is not limited to the "absolute or indispensable needs of [the State], but is considered to be that which is reasonably proper and useful for the purpose sought." *See Ellis v. Public Service Co. of Indiana, Inc.,* 168 Ind.App. 269, 272, 342 N.E.2d 921, 923 (1976) (discussing utility eminent domain proceedings). Moreover, "[o]ur policy should not be such as to place an undue burden upon the State in acquiring land for such public improvements as highway construction when such improvements are considered to be in the public interest." *State v. Heslar,* 257 Ind. 307, 315, 274 N.E.2d 261, 266 (1971). All issues concerning the expediency and necessity of the taking of private property "are exclusively for the legislature. Unless the action of the legislature is arbitrary, and the use for which the property is taken is clearly private, the courts will not interfere." *Guerrettaz v. Public Service Co. of Indiana,* 227 Ind. 556, 561, 87 N.E.2d 721, 724 (1949).

 In limiting the State's power of appropriation to that which is necessary, it is manifest that the legislature intended to prevent the abuse of that power through "appropriations for speculative, monopolistic, or other purposes, foreign to the legitimate objects contemplated by [IND.CODE §§ 8–23–2–6 and 8–23–7–2]." *See Dahl,* 239 Ind. at 410, 157 N.E.2d at 197 (quoting *Eckart v. Fort Wayne & N.I. Traction Co.,* 181 Ind. 352, 359, 104 N.E. 762, 764 (1914)). In other words, these statutes vest discretion in the State, and specifically in the Department of Transportation, to take private property for public use; if in its judgment the property sought to be taken was necessary to improve U.S. 41, the State "had the *right* to condemn, and its judgment ... cannot be questioned or superseded by the courts except for fraud, capriciousness, or illegality." *See id.,* 239 Ind. at 411–12, 157 N.E.2d at 198 (emphasis added). Indeed, "[t]he necessity of the taking is *presumed,* need not be pled by the condemnor, and can be disproved only by the defendant's production of evidence of fraud, capriciousness, or illegality on the

condemnor's part." 11A I.L.E., *Eminent Domain* § 99, n. 91 (emphasis added).

As such, the burden is placed on the party objecting to the appropriation of real estate, in this case Collom, to establish that the taking is not necessary for the purpose sought, and then, only on the grounds of fraud, capriciousness, or illegality in the State's determination of necessity. *Dahl,* 239 Ind. at 412, 157 N.E.2d at 198; *Ellis,* 168 Ind.App. at 272, 342 N.E.2d at 924. Furthermore, in meeting this burden, we have held that a party simply "cannot show in defense of the [eminent domain] proceedings that a quantity of land less than that described in the complaint would suffice." *Wampler,* 241 Ind. at 454, 172 N.E.2d at 70.

In summation, the trial court appears to have substituted its own opinion (and the unsubstantiated opinions of Collom) for the Department of Transportation's decision that the half-acre of frontage is necessary to effect the proposed improvements to U.S. 41. As noted previously, "courts cannot substitute their judgment for the judgment of the condemning authority for what is in fact needed for the accomplishment of their immediate purpose." *Meyer v. Northern Indiana Public Service Co.,* 254 Ind. 112, 116, 258 N.E.2d 57, 59 (1970). We must therefore reverse the trial court's denial of the State's complaint for appropriation of real estate. We remand with instructions that it require Collom to file proper objections to the State's complaint pursuant to IND.CODE § 32–11–1–5; that it allow the State to respond to such objections as provided in IND.CODE § 32–11–1–5; and, should Collom's objections so warrant, that it conduct an evidentiary hearing [2] on the merits of the State's complaint in accordance with the principles set forth in this opinion and with Indiana's eminent domain statutes.

2. "When the intended use is public, the necessity and expediency of the taking ... are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the

**Conclusion**

Reversed and remanded for further proceedings consistent with this opinion.

GARRARD and BAILEY, JJ., concur.

sense of the 14th Amendment." *Dahl,* 239 Ind. at 411, 157 N.E.2d at 198 (quoting *Bragg v. Weaver,* 251 U.S. 57, 58, 40 S.Ct. 62, 63, 64 L.Ed. 135 (1919)).