## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2020, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Glen E. Koch, II
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Yasmin L. Stump
Christopher A. Ferguson
Yasmin L. Stump Law Group, PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradley SurVance,

*Appellant-Defendant,*

v.

Duke Energy Indiana, LLC,

*Appellee-Plaintiff*

April 22, 2020

Court of Appeals Case Nos.
19A-MI-2774, 2783, 2786, 2795

Appeal from the Martin Circuit Court

The Honorable Lynne E. Ellis, Judge

The Honorable Larry R. Blanton, Senior Judge

Trial Court Cause Nos.
51C01-1903-MI-87, -88, -90, -91

**Crone, Judge.**

# Case Summary

[1] Duke Energy Indiana, LLC, filed condemnation complaints against Bradley SurVance to amend and release portions of an existing easement on his property so that it can better operate and maintain an electric transmission line. SurVance filed objections to the complaints, which the trial court overruled. On appeal, SurVance argues that this was error. We affirm.

# Facts and Procedural History

[2] SurVance owns several adjoining tracts in Martin County that are subject to an express easement, granted by a prior owner, for a Duke Energy electric transmission line. In March 2019, Duke Energy filed four condemnation complaints against SurVance to amend and release portions of the easement. The complaints read as follows:

> 3. In connection with Duke Energy's public utility business, it is necessary that Duke Energy amend its existing easement across [SurVance's] Real Estate … for its … transmission line. This amended easement is necessary for the continued safety and reliability of electrical service in this area. The amended easement will allow Duke Energy to true up its easement interest with the as-built transmission line to establish an easement width of fifty (50) feet on either side of the as-built transmission line eliminating significant vegetation encroachments adjacent to the transmission line …. Although Duke Energy has an existing easement across [SurVance's] Real Estate, upon information and belief, the transmission line was not centered in the easement when it was built in the 1950s due to the terrain. As a result, access to the transmission line for construction, operation, maintenance and vegetation clearance is too narrow in some places and too wide in others. Where the existing easement is

too narrow, encroaching vegetation creates safety and reliability issues for the transmission line and interferes with Duke Energy's ability to safely and adequately construct, operate and maintain its facilities.

4. Duke Energy has a present public need and necessity to condemn an amended easement interest for the overhead electric line facilities described above ….

….

7. With the condemnation of the real estate described …, Duke Energy will release those portions of the existing easement that are no longer needed.…

8. In addition to the Amendment of Easement …, it is necessary for Duke Energy to acquire by condemnation a right of ingress and egress to and from the Easement Area across [SurVance's] Real Estate which adjoins the Easement Area ….

9. Pursuant to IC §[§] 32-24-1-3 and -4, Duke Energy has made an effort to purchase the aforesaid Easement Area and Access Easement interest from [SurVance], and Duke Energy has been unable to agree with [SurVance] for the purchase of the same.

Appellant's App. Vol. 2 at 49-51.

[3] SurVance filed objections to the complaints that read as follows:

2. The current line, which runs across the existing easement, services one customer [i.e., a U.S. Gypsum manufacturing plant]. The location of the property is not part of Duke Energy's service area, and no other individuals are allowed to hook onto the service line, as it is purely dedicated for one private company.

3. …. [Duke Energy] has requested an ingress egress easement

so that it can access the easement area for maintenance. A separate ingress egress easement is not necessary in this case for maintenance as [Duke Energy] currently has a legal existing easement in which it can travel over in order to perform maintenance on the current easement area. Further, [Duke Energy] has arbitrarily picked a certain area in which [it] wishes the easement to be located.…

4. …. It is impossible to determine the exact width of the easement area which [Duke Energy] wishes to have the Court establish, because although the wording does say twenty-five (25) feet on each side of the center line of the easement, the language concerning the right to remove obstructions on adjacent land clearly shows that [Duke Energy] intends to exercise control over an area greater than its easement area.

*Id*. at 126-27.

[4] The trial court consolidated the cases and held a hearing, at which SurVance presented no evidence. The trial court summarily denied SurVance's objections and appointed appraisers "to assess the total amount of just compensation due as a result of [Duke Energy's] acquisition and release" of the easements. Appealed Orders at 3. SurVance now appeals.[1]

# Discussion and Decision

[5] Article 1, Section 21 of the Indiana Constitution provides, "No person's property shall be taken by law, without just compensation; nor, except in case

---

[1] After SurVance filed his notice of appeal, the trial court rescinded its consolidation order. Neither party suggests that this has any bearing on our consideration of this appeal.

of the State, without such compensation first assessed and tendered." Duke Energy is a public utility that has the right to exercise the power of eminent domain via condemnation proceedings. *See Wymberley Sanitary Works v. Batliner*, 904 N.E.2d 326, 333 (Ind. Ct. App. 2009) (citing Ind. Code § 8-1-8-1), *trans. denied*.[2] Condemnation proceedings involve two stages: an initial or summary phase, in which a complaint is filed and the landowner files objections thereto, and a second phase in which the landowner's damages are determined. *City of Hammond v. Marina Entertainment Complex, Inc.*, 733 N.E.2d 958, 966 (Ind. Ct. App. 2000), *trans. denied* (2001). We are concerned only with the first phase here.

[6] To exercise the eminent domain power, "the condemning authority must establish, among other things, that it made the statutorily required offer to purchase the property interest, that the proposed taking is needed for a public purpose, and that there is a current need for the taking[.]" *Wymberley*, 904 N.E.2d at 333 (citing Ind. Code § 32-24-1-3 and *Ind. & Mich. Elec. Co. v. Harlan*, 504 N.E.2d 301, 306 (Ind. Ct. App. 1987)). The necessity of a taking is presumed, need not be pled by the condemning authority, and can be disproved only by the landowner's production of evidence of fraud, capriciousness, or

---

[2] Indiana Code Section 8-1-8-1(a) provides,

> A public utility … engaged in the production, transmission, delivery, or furnishing of … power … to towns and cities and to the public in general …, for the purpose of enabling it to perform its functions, may appropriate and condemn lands of individuals and private corporations, or any easement in any lands, necessary to the carrying out of its objects, whether the same be for its … line of poles [or] wires ….

illegality on the authority's part. *State v. Collom*, 720 N.E.2d 737, 741-42 (Ind. Ct. App. 1999). "The condemning authority's exercise of its power may not be prevented unless a clear abuse of discretion is shown." *Ellis v. Pub. Serv. Co. of Ind., Inc.*, 168 Ind. App. 269, 272, 342 N.E.2d 921, 923 (1976).

[7] SurVance has failed to make such a showing here. He raises four arguments, the first of which is that the taking is not for a public purpose because the transmission line serves, and is only allowed to serve, one customer, U.S. Gypsum. SurVance seizes on the following language from *Continental Enterprises, Inc. v. Cain*: "The test whether a use is public or not is whether a public trust is imposed upon the property, whether the public has a legal right to the use, which cannot be gainsaid, or denied, or withdrawn at the pleasure of the owner." 180 Ind. App. 106, 112, 387 N.E.2d 86, 91 (1979) (citation omitted). In *Continental*, a private company sought to condemn an easement for the purpose of more easily accessing its property, from which it could exclude members of the public; accordingly, this Court held that the easement was not a public use. Here, Duke Energy is a public utility that has legislative authorization to condemn easements "to accomplish the essential delivery" of electricity "to the public or to any town or city[.]" Ind. Code §§ 32-24-4-1(a), -2; *see also* Ind. Code § 8-1-8-1(a). U.S. Gypsum is a commercial member of the public[3] and has a legal right to use that electricity, which cannot be withdrawn

---

[3] At the hearing, the trial court noted that U.S. Gypsum "supplies hundreds of jobs to the people in Martin County and the surrounding area." Tr. Vol. 2 at 32.

at the pleasure of Duke Energy. In sum, Duke Energy's taking passes the public-purpose test.[4]

[8] Second, SurVance argues that the taking is improper because it is unnecessary. "[T]he question of necessity is, for the most part, to be determined by the condemning utility itself." *Ellis*, 168 Ind. App. at 271, 342 N.E.2d at 923. Necessity "is not limited to absolute or indispensable needs of the utility, but means that which is reasonably proper and useful for the purpose sought." *Id*., 342 N.E.2d at 923. Here, Duke Energy's purpose in centering its easement is to be able to more effectively and efficiently operate and maintain the transmission line; our Court has held that in taking property to increase the reliability of its electrical system, a utility does not "exceed the authority delegated to it by the Legislature." *J.M. Foster Co. v. N. Ind. Pub. Serv. Co.*, 164 Ind. App. 72, 83, 326 N.E.2d 584, 591 (1975). More specifically, SurVance complains that Duke Energy seeks to obtain an easement over "a roadway which is totally outside of the power transmission easement" and that "since 1954, the [line has] been utilized without the need for any roadway." Appellant's Br. at 11-12.[5] But that does not mean that the roadway is not reasonably proper and useful now, and SurVance presented no contrary evidence at the hearing.

---

[4] SurVance also complains that the transmission line is outside Duke Energy's normal service area, but he fails to explain how this renders the condemnation illegal.

[5] Duke Energy contends that SurVance did not raise this argument in his objections and therefore has waived it on appeal. We think that the argument is encompassed by paragraph 3 of his objections.

[9] Third, SurVance claims that the route of the easement is arbitrary,[6] but he offers nothing to support this bald assertion. It is undisputed that Duke Energy's taking will center its easement on either side of the transmission line, which will allow for more effective and efficient operation and maintenance. That can hardly be considered arbitrary. *Cf. Wymberley*, 904 N.E.2d at 337 ("It is the utility, rather than the trial court, which is best situated to weigh the risks and benefits of the location of its lines, which is why the law defers substantially to utilities' choice of route in these cases.").

[10] Fourth, and finally, SurVance claims that the easement is impermissibly vague because "[i]t is impossible to determine the exact width of the … area" that Duke Energy seeks to claim for controlling vegetation on either side of the transmission line. Appellant's Br. at 13. We disagree. Duke Energy points out that "the description for [its] permanent vegetation management easements is specifically identified as '25 feet on either side of the easement area.'" Appellee's Br. at 12 (quoting Appellant's App. Vol. 2 at 97). SurVance has failed to establish any abuse of discretion, and therefore we affirm.

[11] Affirmed.

Bailey, J., and Altice, J., concur.

---

[6] SurVance also claims that Duke Energy's need for the easement is arbitrary, which is simply another way of saying that the easement is unnecessary.